Submitted June 2, reversed and remanded June 28, 2017

In the Matter of K. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M. N.,
*Appellant.*

Washington County Circuit Court
16JU06415; A164210 (Control)

In the Matter of A. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M. N.,
*Appellant.*

Washington County Circuit Court
16JU06416; A164211

In the Matter of R. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M. N.,
*Appellant.*

Washington County Circuit Court
16JU06417; A164212

In the Matter of E. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. N.,
aka M. M. N.,
*Appellant.*

Washington County Circuit Court
16JU06939; A164213

396 P3d 995

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Mother appeals from a judgment establishing dependency jurisdiction over four of her children. The juvenile court appointed a guardian *ad litem* for mother, and, based on the admissions the guardian *ad litem* made on mother's behalf, entered a judgment of jurisdiction over mother's four children. DHS concedes that the juvenile court erred.

ORS 419B.231(4) provides:

"A court may not appoint a guardian ad litem for a parent unless the court finds by a preponderance of the evidence presented at the hearing that:

"(a)   Due to the parent's mental or physical disability or impairment, the parent lacks substantial capacity either to understand the nature and consequences of the proceeding or to give direction and assistance to the parent's attorney on decisions the parent must make in the proceeding; and

"(b)   The appointment of a guardian ad litem is necessary to protect the parent's rights in the proceeding during the period of the parent's disability or impairment."

DHS concedes that there is insufficient evidence in the record to support the juvenile court's finding that mother lacked "substantial capacity either to understand the nature and consequences of the proceeding or to give direction and assistance to the parent's attorney on decisions the parent must make in the proceeding." *Id.* We agree and accept DHS's concession. We also agree that, because the juvenile court erred in appointing a guardian *ad litem* for mother, the court also erred in entering a judgment of jurisdiction over the children based on the guardian *ad litem*'s admissions.

Reversed and remanded.